## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN EUGENE PALMER,          )
                               )
      Petitioner,          )
                               )
v.                             )          CIV-05-934-R
                               )
RON WARD,                      )
                               )
      Respondent.          )

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered May 26, 2006 and the Objections of Petitioner filed June 15, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the Report and Recommendation *de novo* in light of Petitioner's Objections and concludes that Petitioner's Objections are without merit.

Petitioner failed to exercise diligence to develop the factual basis in state court for his claim that Officer Glancy's trial testimony was false. Petitioner has not shown that he diligently sought to procure the videotape of the traffic stop and/or affidavits or the testimony of officers who assisted in the traffic stop and that he sought an evidentiary hearing in conjunction with his post-conviction application. Moreover, the Court agrees with the Magistrate Judge that even if the videotape proved Petitioner's recollection as to the sequence of events was correct, that would not mean that Petitioner was entitled to relief for the reasons explained by the Magistrate Judge. *See* Report and Recommendation at p. 23.

With respect to Petitioner's trial counsel's failure to obtain a handwriting analysis of State's Exhibit 19, a page from a yellow tablet bearing handwriting, which Petitioner refers to as a "Note," Petitioner overstates the conclusion of the expert document examiner Petitioner hired subsequent to his conviction. The document examiner, Pat Tull, never stated that "petitioner was completely eliminated as a possible author" of the handwriting, as Petitioner states. *See* Objections at pp. 1 & 2. Rather, the examiner concluded as follows: "Based on reasonable scientific certainty, it is my conclusion that the person who wrote the DOCUMENT UNDER INQUIRY cannot be identified based on the handwritings that have been submitted." Exhibit "7" to Brief in Support of Petition for a Writ of Habeas Corpus [Doc. No. 8]. The Court agrees with the Magistrate Judge that Petitioner has failed to show that he was prejudiced by his trial counsel's failure to procure a handwriting expert before trial because he has not shown that the result of the trial would have been different had trial counsel procured such inconclusive handwriting analysis. Consequently, appellate counsel was not ineffective in failing to raise on appeal the issue of trial counsel's alleged ineffectiveness in failing to procure handwriting analysis of the document in question.

The Court has carefully considered Petitioner's argument concerning the incorrect jury instruction on sentence enhancement. *See* Objections at pp. 2-3. The Magistrate Judge correctly analyzed this issue under AEDPA standards. The Court agrees that the OCCA's decision on this issue is not contrary to or an unreasonable application of Supreme Court precedent nor based upon an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

Petitioner objects to the findings and conclusions of the Magistrate Judge concerning Petitioner's claims of ineffective assistance of counsel, individually and as cumulative error but makes no specific argument in support of his objection.  He merely asserts that "[e]ach allegation [of ineffective assistance of counsel] was completely supported by the record and cannot be denied."  Objections at p. 3.  The Court has carefully reviewed the thorough and well-reasoned analysis of these issues by the Magistrate Judge in her Report and Recommendation in light of the entire record and fully concurs in the findings and conclusions of the Magistrate Judge on all of the issues of alleged ineffective assistance of counsel.

The Court does not understand Petitioner's argument concerning admission of testimony that Petitioner had in his possession $1,057.00 on the night of the arrest.  Petitioner states that this "never existed as evidence, period."  Objections at p. 4.  Petitioner admits in his Objections that he got back the $1,057.00 by filing a writ of mandamus.  Officer Glancy testified that at book-in it was found that Petitioner had $1,057.00 in cash on his person and that Officer Glancy seized the money as evidence of possession with intent to distribute methamphetamine.  Trial Transcript Vol. I p. 135.  In any event, an error in the admission of evidence as a matter of state law is not a basis for habeas relief unless the error "was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process."  *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir.) (quotation omitted; alteration in original), *cert. denied*, 537 U.S. 1021, 123 S.Ct. 541, 154 L.Ed.2d 430

(2002).  Any error in admitting this testimony was not so grossly prejudicial as to deny

Petitioner a fair trial and due process.

The Magistrate Judge correctly analyzed Petitioner's claim that the prosecutor's

failure to procure fingerprint analysis on the cigarette package which Petitioner asserted was

in the nature of a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215

(1963) and due process.  Petitioner has not shown that fingerprint evidence was exculpatory,

impeaching or material.  As the Magistrate Judge said, it is "pure speculation" as to whether

a fingerprint analysis would have yielded evidence favorable to Petitioner.  *See* Report and

Recommendation at p. 26.

In accordance with the foregoing, the Court finds that Petitioner's Objections to the

Report and Recommendation of the Magistrate Judge are without merit; ADOPTS the Report

and Recommendation [Doc. No. 26] in its entirety; and DENIES the petition for a writ of

habeas corpus herein, as amended [Doc. Nos. 1 & 18].

**It is so ordered this 11th day of July, 2006.**

**DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE**